UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CHAFFEE,<br><br>           Plaintiff,<br><br>      vs.<br><br>DAVID CHIU, et al.,<br><br>           Defendants. | Case No.: C-11-05118-YGR<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

Plaintiff James Chaffee, who proceeds *pro se*, brings this civil rights action against Defendants: David Chiu, President of the Board of Supervisors ("Chiu"); City and County of San Francisco ("City and County"); Board of Supervisors ("Board"); and San Francisco Sheriff's Department ("Sheriff") (collectively, "Defendants"). Plaintiff alleges the following claims against Defendants arising out of his removal and arrest from a Board of Supervisors meeting[1]: (1) False Arrest and False Imprisonment; (2) Battery Committed by Unlawful Arrest; (3) Violation of First Amendment Right of Free Speech; (4) Unequal Treatment in Violation of Fourth and Fourteenth Amendments; (5) Racial Discrimination under Color of Law, 42 U.S.C. § 1981; (6) Interference with First Amendment, Free Speech, 42 U.S.C. § 1983; (7) Interference with Fourth Amendment, Unlawful Seizure, 42 U.S.C. § 1983; (8) Interference with Fourteenth Amendment, Equal Protection, Due Process, 42 U.S.C. § 1983; and (9) Defamation and Slander.

On January 19, 2012, Defendants filed a Motion to Dismiss Amended Complaint on the grounds that Plaintiff alleges facts showing that his arrest was supported by probable cause, but fails

---

[1] The Court describes the claims in this action as Plaintiff captioned them in his first amended Complaint for Damages ("FAC") filed on December 29, 2011. (Dkt. No. 21.)

to plead facts sufficient to allege any constitutional claim, defamation or slander, or battery.[2] (Dkt. No. 25 ("Mot.") at 1.) On February 2, 2012, Plaintiff filed his Opposition to Motion to Dismiss. (Dkt. No. 30 ("Opp.").) Defendants filed their Reply in Support of their Motion to Dismiss Amended Complaint on February 9, 2012. (Dkt. No. 31 ("Reply").) A hearing on this Motion to Dismiss was held on March 27, 2012.

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby:

1. **DENIES** Defendants' Motion to Dismiss the first claim for false arrest and false imprisonment;

2. **DENIES** the Motion to Dismiss the second claim for battery;

3. **DISMISSES WITHOUT LEAVE TO AMEND** the third claim for violation of the First Amendment to the extent that the claim is based on retaliation; **DISMISSES WITHOUT LEAVE TO AMEND** the First Amendment *Monell* claim[3] as it relates to a two minute restriction on public comments (FAC ¶ 46); and **DISMISSES WITH LEAVE TO AMEND** the First Amendment *Monell* claim as it relates to agenda item numbers (FAC ¶ 47) and removal of citizens from Board meetings (FAC ¶ 50).

4. **DENIES** the Motion to Dismiss the fourth claim for unequal treatment in violation of the Fourth and Fourteenth Amendments to the extent that the claim is based on the Fourth Amendment; and **DISMISSES WITHOUT LEAVE TO AMEND** this claim to the extent that it is based on the Fourteenth Amendment.

5. **DISMISSES WITHOUT LEAVE TO AMEND** the fifth claim for racial discrimination.

6. **DISMISSES WITHOUT LEAVE TO AMEND** the sixth claim for interference with the First Amendment to the extent that the claim is based on retaliation; **DISMISSES WITHOUT**

---

[2] Moving defendants contend that the Board of Supervisors and Sheriff's Department are not proper defendants "because they do not have the power to sue or be sued." Mot. at 3 n.3. To the extent that the Motion to Dismiss seeks dismissal of these defendants, that request is DENIED. Defendants have provided inadequate authority regarding why the Court must dismiss the Board or Sheriff from this action. However, because moving defendants state that the defendant City and County of San Francisco encompasses its constituent Sheriff and Board, the Court interprets this Motion to have been joined by those defendants.

[3] *See Monell v. Dep't of Social Servs. of the City of New York,* 436 U.S. 658, 690 (1978).

      **LEAVE TO AMEND** the First Amendment *Monell* claim as it relates to a two minute restriction on public comments (FAC ¶ 46); and **DISMISSES WITH LEAVE TO AMEND** the First Amendment *Monell* claim as it relates to agenda item numbers (FAC ¶ 47) and removal of citizens from Board meetings (FAC ¶ 50).

    7. **DENIES** the Motion to Dismiss the seventh claim for interference with the Fourth Amendment.

    8. **DISMISSES WITHOUT LEAVE TO AMEND** the eighth claim for interference with the Fourteenth Amendment.

    9. **DISMISSES WITH LEAVE TO AMEND** the ninth claim for defamation and slander.

    10. **DISMISSES WITH LEAVE TO AMEND** David Chiu as a defendant in this action.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On September 13, 2011, Plaintiff was arrested and removed from a Board of Supervisors meeting. FAC ¶ 14. Plaintiff alleges that during the meeting, certain young African-American attendees were permitted to shout and demonstrate strong views during the comments of the speakers and to stand during the proceedings. *Id.* ¶¶ 15–16. "These individuals were allowed to continue this conduct despite long-standing Board of Supervisors' rules that had been vigorously enforced before." *Id.* ¶¶ 15–16. Plaintiff alleges that "[i]n response to the increasing level of noise and hubbub around him[,] [he] saw fit to raise his voice to request that the president restore order and enforce the long-standing board rules by stating something approximating, '[m]ake them sit down if they are not in line.'" *Id.* ¶ 18. Following this statement, a series of profanities were exchanged between Plaintiff and at least one other meeting attendee. *Id.* ¶¶ 19–20.

Plaintiff was in his seat and silent when he was approached by a Deputy Sheriff[4] and asked to leave. *Id.* ¶ 21. He "refused on the ground that [he] was not being arrested" and believed he had a right to public participation in the meeting. *Id.* At the same time, "all of the citizens who had actually been disruptive had left voluntarily to avoid a justifiable arrest." *Id.* ¶ 22. Plaintiff believed that with the other attendees gone, the meeting could continue. *Id.* The Deputy Sheriff told Plaintiff "that the Supervisors did not want [him] there and that specifically Supervisor Jane Kim had asked that [he] be

---

[4] The Court uses the term "Deputy Sheriff" to refer to the person that arrested Plaintiff as alleged in the FAC.

removed." *Id.* ¶ 23. Plaintiff was then told he was under arrest and the Deputy Sheriff "gripp[ed] [his] tricep" as he was led out of the meeting. *Id.* ¶ 24.

While Plaintiff was in a holding cell, the Deputy Sheriff asked him questions regarding the incident. *Id.* ¶¶ 25–26. "The Deputy Sheriff stated that he had not seen the incident" and asked Plaintiff to make a statement for his report. *Id.* ¶ 26. Plaintiff was told that he was being charged with a violation of Penal Code section 602.1(b). *Id.* ¶ 27. He was led out of the City Hall driveway in full public view and transported in handcuffs to the Hall of Justice. *Id.* ¶ 28. Once at the Hall of Justice, he was told that "repeated subsequent incidents would be subject to increasingly harsh consequences" and told he was not permitted to return to City Hall that day. *Id.* ¶ 29. Plaintiff was given a Certificate of Release under Penal Code section 851.6 and released. *Id.* ¶ 30.

Defendant City and County removed this action on October 19, 2011. (Dkt. No. 1.) At that time, it was the only defendant that had been served. (Mot. at 3.) The original complaint alleged claims of: (1) False Arrest; (2) False Imprisonment; (3) Violation of Civil Rights; and (4) Retaliation for Exercise of First Amendment Rights. (Dkt. No. 1.) On October 21, 2011, Defendant City and County filed a Motion to Dismiss. (Dkt. No. 4.) On December 8, 2011, the Court issued an Order Denying Plaintiff's Motion to Remand; Granting in Part Defendant City and County of San Francisco's Motion to Dismiss with Leave to Amend. (Dkt. No. 18 ("First Order").) In the First Order, the Court interpreted Plaintiff's claim for "violation of" or "interference with" civil rights as a claim for violation of the Equal Protection Clause under 42 U.S.C. section 1983, and granted the motion to dismiss with leave to amend. First Order at 3–4 & n.7. As to the claim for retaliation for exercising his First Amendment rights, the Court also granted the motion to dismiss with leave to amend. *Id.* at 5–6. The state law claims for false arrest and false imprisonment were not addressed because the federal claims provided the basis for the Court's jurisdiction. *Id.* at 3 & 6 n.13. Plaintiff filed his FAC on December 29, 2011, and greatly expanded the number of claims he asserts in this action. (Dkt. No. 21.)

4

## II. DISCUSSION

### A. Legal Standard Under Fed. R. Civ. P. 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint, facilitating dismissal to the extent the pleading fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 554 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). The pleading is construed in the light most favorable to the non-moving party and all material allegations in it are taken to be true. *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986). However, even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986) (internal brackets and quotation marks omitted)). Hence, the Court need not assume unstated facts, nor will it draw unwarranted inferences. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009) ("Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."); *Cousins v. Lockyer,* 568 F.3d 1063, 1067 (9th Cir. 2009); *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001) ("Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.").

Under *Twombly,* a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S. Ct. at 1949 (citing *Twombly,* 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly,* 550 U.S.

5

at 556–57) (internal quotation marks omitted).  In sum, if the facts alleged foster a reasonable inference of liability—stronger than a mere possibility—the claim survives; if they do not, the claim must be dismissed.  *See Iqbal,* 129 S. Ct. at 1949–50.

Ordinarily, a pro se complaint will be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers.  *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007).  The pro se complaint will be dismissed only if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Pena v. Gardner,* 976 F.2d 469, 471 (9th Cir. 1992) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).  As the Ninth Circuit has recently clarified, courts "continue to construe pro se filings liberally when evaluating them under *Iqbal.* While the standard is higher, our 'obligation' remains, 'where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.'"  *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman,* 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc)).  However, the Court "may not supply essential elements of the claim that were not initially pled."  *Ivey v. Bd. of Regents of the Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982); *see also Ghazali v. Moran,* 46 F.3d 52, 54 (9th Cir. 1995) (per curiam) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.").

For ease of analysis, the Court will address Plaintiff's claims by grouping like categories together.  As a result, the claims will be addressed out of order.

### B. Plaintiff Has Sufficiently Alleged a Claim for False Arrest/False Imprisonment (First Claim).

False imprisonment under California law is the "unlawful violation of the personal liberty of another."  *Martinez v. City of Los Angeles*, 141 F.3d 1373, 1379 (9th Cir. 1998) (internal citation and quotation omitted).  False arrest is not a different tort—it is merely one way of committing a false imprisonment.  *Id.*; *Asgari v. City of Los Angeles*, 15 Cal. 4th 744, 752 n.3 (1997).  The elements of a claim of false arrest or false imprisonment are: "(1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief."  *Tekle v. United States*, 511 F.3d 839, 854 (9th Cir. 2007) (internal quotations omitted) (quoting *Easton v. Sutter Coast Hosp.*, 80 Cal. App. 4th 485 (Cal. Ct. App. 2000)).

6

Defendants contend that this claim fails because Plaintiff has alleged facts showing that his arrest was supported by probable cause and therefore lawful. Mot. at 10 & 14. Specifically, they claim that there was probable cause to arrest him for violating Penal Code section 602.1(b) because he interfered with and refused to leave the Board meeting. *Id.* at 11–13. The inquiry on a motion to dismiss is not whether the suspect actually committed the offense, but rather whether a reasonable officer had probable cause to think that the suspect could have committed the offense. *Blankenhorn v. City of Orange*, 485 F.3d 463, 475 (9th Cir. 2007) (arresting officers had probable cause to arrest plaintiff for trespassing under the circumstances known to the officers). "[P]robable cause must be supported by the 'facts and circumstances *within the knowledge* of the arresting [official]' at the moment of arrest." *Haines v. Brand*, No. C-11-1335 EMC, 2011 WL 6014459, at *7 (N.D. Cal. Dec. 2, 2011) (emphasis and alterations in original) (internal citations omitted).

Taking as true the allegations in the FAC, Plaintiff has sufficiently alleged a lack of probable cause.[5] Plaintiff alleges facts that, upon first glance, create a scenario from which it may ultimately be determined that there was probable cause to arrest him. However, he also alleges that the officer that arrested him "stated that he had not seen the incident." FAC ¶ 26. If the Deputy Sheriff had not observed the incident himself and Plaintiff was sitting in his seat silently when he was first approached, the Court cannot say *as a matter of law* that the Deputy Sheriff had knowledge or reasonably trustworthy information sufficient for him to reasonably conclude that an offense had been or was being committed.[6] *Id.* ¶¶ 21, 23. For these reasons, the Court **DENIES** the Motion to Dismiss the first claim for false arrest and false imprisonment.

### C. Plaintiff Has Sufficiently Alleged Claims for Interference with Fourth Amendment (Seventh Claim) and Unequal Treatment in Violation of the Fourth Amendment (Fourth Claim).

"A claim for unlawful arrest is cognizable under [section] 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause." *Dubner v. City and County of San*

---

[5] The Court notes that throughout the FAC, Plaintiff has, in detail, recited his own state of mind. *See* FAC ¶¶ 17–22. This information is irrelevant to the probable cause analysis because it does not indicate what was apparent to the Deputy Sheriff leading up to or during the arrest. *See Haines*, 2011 WL 6014459, at *7.

[6] The Court notes that Defendants may be implicitly conceding that a finding of probable cause is premature, by making statements such as that "Defendants *will* demonstrate that, in fact, the officers had probable cause to arrest [him]." Mot. at 10 (emphasis supplied).

7

*Francisco,* 266 F.3d 959, 964 (9th Cir. 2001).  A claim is sufficiently stated as a violation of the Fourth Amendment's prohibition against unreasonable search and seizure if the allegation is that the arrest was without probable cause or other justification.  *Id.*; *see Forster v. County of Santa Barbara*, 896 F.2d 1146, 1147–48 (9th Cir. 1990).

Plaintiff's Fourth Amendment claims are based on and derivative of the claim for false arrest.  Indeed, Defendants seek dismissal of these claims based on the same probable cause arguments that it relies on regarding false arrest.  Mot. at 10.  Because the Court denies the Motion to Dismiss the claim for false arrest, it must also deny the Motion to the extent that Plaintiff's Fourth Amendment claims hinge on the same probable cause issue.  Accordingly, the Court **DENIES** the Motion to Dismiss the seventh and fourth claims to the extent those claims allege violations of the Fourth Amendment.

> **D. The Court Dismisses Plaintiff's Fourth Claim to the Extent It Is Based on the Fourteenth Amendment and Eighth Claim for Interference with Fourteenth Amendment.**

As a preliminary matter, the Court notes that Plaintiff's fourth claim is captioned "Unequal Treatment in Violation of Fourth and Fourteenth Amendments."  *See* FAC ¶¶ 54–59.  In Section II.C, the Court denied dismissal of fourth claim to the extent that it is based on the Fourth Amendment.  The Court now addresses the fourth claim to the extent that it is based on the Fourteenth Amendment, along with the eighth claim for interference with the Fourteenth Amendment.

The Court interprets Plaintiff's Fourteenth Amendment claims to be based on First and Fourth Amendment rights.  FAC ¶¶ 54 ("prevented him from . . . participating in public discussion"), 56 ("deprived plaintiff of his right to freely exercise his right of free expression and to participate in a public forum") & 76 ("protections . . . against violations of equal treatment and due process are part and parcel of the free speech and freedom for [*sic*] unlawful seizure").  The Court finds that while claims under the First and Fourth Amendments may be sufficiently alleged, these claims are not cognizable under the Fourteenth Amendment.  In *Tacci v. City of Morgan Hill*, No. C-11-04684 RMW, 2012 WL 195054, *1 (N.D. Cal. Jan. 23, 2012), the plaintiff asserted, among other claims: unlawful arrest, violation of the Fourth, Fifth, and Fourteenth Amendments; and civil rights violations under section 1983.  Holding that the claims based on the Fourteenth Amendment were "not cognizable," the Court stated that "where a particular amendment 'provides an explicit textual source

of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing the [] claims." *Id.* at *4 (quoting *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (alteration in original). In that case, "the clear focus of the complaint is that plaintiff was arrested and detained without probable cause." *Id.* (noting that the alleged conduct may give rise to liability under the Fourth Amendment). Because the First and Fourth Amendments are explicit textual sources of constitutional protection in this action, Plaintiff cannot assert generalized substantive due process claims under the Fourteenth Amendment in this action.

Moreover, Plaintiff has failed to cure the defects of his equal protection claim as explained in the First Order. *See also* Mot. at 9–10. In the First Order, the Court stated:

> To state a claim under § 1983 for a violation of the Equal Protection Clause, a plaintiff must allege that a defendant "acted with an intent or purpose to discriminate against him based upon his membership in a protected class." *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003). To sufficiently plead discriminatory intent, a plaintiff must "plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent." *Monteiro v. Tempe Union High Sch. Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998) (citations omitted). In addition, the "threshold allegation" of an Equal Protection claim is that "the plaintiff was similarly situated to others who received different treatment." *See Sypho v. Cal. Dep't. of Corr.,* No. EDCV 08-0861-JSL (JTL), 2008 WL 2875713, at *5 (C.D. Cal. July 22, 2008) (citation omitted).
>
> . . .
>
> Upon review, the Court finds that these allegations are insufficient to support an Equal Protection claim. Plaintiff alleges no facts in support of his claim that he was "singled out," as he does not allege any facts to suggest that those attending the meeting and expressing alternative views were treated differently than himself. Plaintiff also does not allege any facts suggesting membership in a protected class, or that being a member of such a class was the cause of his treatment. Further, Plaintiff does not allege any facts in support of his claim that "[D]efendants have undertaken a campaign to prevent Plaintiff from expressing views inconsistent with the private or commercial benefit of influential commercial and financial interests." (Complaint ¶¶ 31, 33.) Nor does Plaintiff allege any facts suggesting that the arresting officer or the Board of Supervisors were aware of Plaintiff's political views. Thus, the Court finds that the "non-conclusory factual content" of Plaintiff's Complaint does not plausibly suggest that Plaintiff is entitled to relief.

First Order at 3–4 (footnotes omitted).

9

1    In addition to restating the same allegations as in the original Complaint (First Order at 4; FAC ¶¶ 54–57), Plaintiff added allegations that: "As such, defendants' practices constitute differential treatment without probable cause. This differential treatment was designed to protect certain interests and deny the protection of the laws to plaintiff and others similarly situated. As part of this unequal treatment[,] the plaintiff was seized and deprived of his liberty unlawfully and without due process." FAC ¶ 55. Even with these allegations, Plaintiff fails to allege any kind of cognizable protected class or group-based discrimination. Mot. at 9. He has, rather, alleged that all people who could have been viewed as potentially disruptive during the meeting were asked to leave, and that he was the only one that chose not to leave. FAC ¶¶ 21–22. He has not alleged any factual basis indicating he was singled out, nor has he alleged anything other than conclusions with respect to Defendants' "campaign" and "motive" to prevent him from expressing his opinions. *Twombly,* 550 U.S. at 555 (courts are not bound to accept as true legal conclusions); *Haines*, 2011 WL 6014459, at *11; *see* FAC ¶¶ 56–57.

Plaintiff has already been provided with an opportunity to cure the deficiencies of the previous complaint and set forth allegations sufficient to state an equal protection claim. First Order at 4. Plaintiff has failed to do so and there appear to be no circumstances under which he can plausibly state an equal protection claim. Because Plaintiff is unable to cure the deficiencies of this claim through further amendment, leave to amend would be futile and, accordingly, Plaintiff's Fourteenth Amendment equal protection claims (as set forth in the fourth and eighth claims) are **DISMISSED WITHOUT LEAVE TO AMEND**. As stated above, Plaintiff's Fourteenth Amendment due process claims (as set forth in the fourth and eighth claims) are also **DISMISSED WITHOUT LEAVE TO AMEND** because they are not legally cognizable claims.

### E. Plaintiff Has Sufficiently Alleged a Claim for Battery (Second Claim).

As to battery, Plaintiff alleges that the Deputy Sheriff "gripp[ed] [his] tricep" with his hand and that he "was led away with physical force with the Sheriff's deputy holding plaintiff's arm in his grip." FAC ¶¶ 24 & 40. Defendants contend that Plaintiff has failed to allege facts showing that the officer used excessive force. Mot. at 15 (such force was objectively reasonable under the circumstances). Plaintiff responds that Defendants have conflated battery with excessive force and seems to be arguing that he has alleged a claim for common law battery. Opp. at 12.

10

Because the Court is denying the false arrest claim, it must also deny the Motion to Dismiss the battery claim.  If, on summary judgment or at trial, there is a finding of probable cause for Plaintiff's arrest, then the Court may then determine whether the amount of force used during the arrest was reasonable under the circumstances.  *See* Mot. at 15 (citing *Graham v. Connor*, 490 U.S. 386, 395–97 (1989)).  On the other hand, if no probable cause for the arrest is ultimately found, then reasonableness of force will be irrelevant and the Court may then determine whether Plaintiff has stated a claim for common law battery.  *See Knapps v. City of Oakland*, 647 F. Supp. 2d 1129, 1166 (N.D. Cal. 2009) (elements of battery).  Accordingly, the Court **DENIES** the Motion to Dismiss the second claim for battery.

### F. The Court Dismisses Plaintiff's Third and Sixth Claims for Violation of and Interference with the First Amendment, and Grants Leave to Amend the *Monell* Claim Regarding Agenda Item Numbers and Removal of Citizens.

#### 1. Plaintiff Still Fails to State a Claim for First Amendment Retaliation.

The Court previously dismissed Plaintiff's claim for retaliation for the exercise of his First Amendment rights with leave to amend.  As stated in the First Order:

> To state a claim for retaliation for the exercise of constitutionally protected rights, a plaintiff must allege: (1) that protected conduct was a "substantial" or "motivating" factor in the defendant's decision; and (2) injury stemming from the allegedly retaliatory action.  *See Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000).
>
> . . .
>
> Upon review, the Court finds that Plaintiff has not alleged facts sufficient to support a First Amendment retaliation claim.  In particular, the Court finds that Plaintiff's conclusion that "the actions and policies of [D]efendants are inexplicable without positing the motive of retaliation" does not rise "above the speculative level," as it is merely a speculative explanation of Defendants' conduct.  Further, Plaintiff has not alleged any facts regarding his prior criticism of Defendants or Defendants' awareness of such criticism.  Absent any factual allegations regarding Plaintiff's past criticism of Defendants and Defendants' awareness of such criticism, the Court finds that Plaintiff has not pleaded facts sufficient to support a claim for retaliation.  *Morgan*, 874 F.2d at 1314.

First Order at 5–6 (footnotes omitted).

Plaintiff's allegations of retaliation still fail for the reasons previously set forth by the Court.  In addition to restating his prior allegations (First Order at 5; FAC ¶¶ 52–53), Plaintiff's new allegations assert that:

11

> 48.    As a critic of private interests that are allowed to divert public assets to their own benefit and of the irresponsibility of public officials that allows this diversion to take place, the plaintiff has been a de facto "whistler-blower" of the diversion of public assets that he has described as "one of the great civic scandals in San Francisco history." In one of his public comment presentations plaintiff referenced "mindless politicians who just want to go to library openings" and then ran a picture of David Chiu. This was in response to defendant David Chiu's comment that he envies supervisors who have library openings in their districts. So the defendants know that he holds them responsible for the irresponsible diversion of public resources.
>
> 49.    The actions of the defendants against the plaintiff are simply the last overt act in the campaign to disenfranchise and de-legitimize the critics of their self-serving and mutually beneficial relationship with private commercial and fund raising interests and influence peddlers who divert public assets to their own benefit without accountability to those such as David Chiu, and the other defendants, who as public officials have a duty to protect the public interest.
>
> . . .
>
> 51.    It is well known that this is the mechanism by which monied, commercial and lobbying interests purchase their immunity from accountability and remain immune no matter how destructive their actions are to the commonweal and the public commons.

FAC ¶¶ 48–49 & 51.  These allegations are entirely conclusory.  With regard to Plaintiff's presentation where he ran a picture of Chiu, there is no allegation that Chiu was present, nor any indication that Chiu ever learned that Plaintiff ran this presentation with his picture.  It is speculative for Plaintiff to allege that "the defendants know that he holds them responsible for the irresponsible diversion of public resources." *Id.* ¶ 48.  Plaintiff's allegations are again mere conclusions that Defendants' conduct was a "substantial" or "motivating" factor in their decisions to "retaliate" against him, and there are still no factual allegations regarding Defendants' knowledge of criticisms.  First Order at 5–6.

Plaintiff was already provided with an opportunity to cure the deficiencies of the original complaint as to his retaliation claim.  First Order at 6.  He has failed to do so and there appear to be no circumstances under which he can plausibly state a retaliation claim.  Because Plaintiff is unable to cure the deficiencies of this claim through further amendment, leave to amend would be futile and, accordingly, Plaintiff's third and sixth claims, to the extent they are based on retaliation for exercising First Amendment rights are **DISMISSED WITHOUT LEAVE TO AMEND**.

12

### 2. The Court Dismisses Plaintiff's *Monell* Claim But Will Allow Leave to Amend Regarding Agenda Item Numbers and Removal of Citizens.

In the FAC, Plaintiff has added a *Monell* claim relating to Defendants' "policy of . . . supress[ing] free speech and the right to petition the government in all circumstances." FAC ¶ 44. As explained by Plaintiff in his Opposition, he is alleging that "[D]efendants ha[ve] a de facto policy that might be termed a 'governmental custom' in other terms that support and implement[] the deprivation of plaintiff's civil rights by perfunctorily removing citizens from a public forum without just cause." Opp. at 13.

A municipality may be liable under section 1983 when the enforcement of a municipal policy or custom was the moving force behind the violation of a constitutionally protected right. *Monell v. Dep't of Social Servs. of the City of New York,* 436 U.S. 658, 690 (1978). Generally, "the actions of individual employees can support liability against a municipality under § 1983 only if those employees were acting pursuant to an official municipal policy." *Haines*, 2011 WL 6014459, at *4 (quoting *Webb v. Sloan*, 330 F.3d 1158, 1164 (9th Cir. 2003)). Even if there is no "official" policy, Plaintiff can allege liability based on its employees' actions under two alternative theories: (1) "if an employee commits a constitutional violation pursuant to a long-standing practice or custom"; or (2) if "the person causing the violation has final policymaking authority." *Id.* (internal citations omitted). Examples of a "custom" include that of "inaction or omission, such as a failure to train, if the failure to train amounts to deliberate indifference of plaintiff's rights." *Id.*

Plaintiff's *Monell* claim seems to allege constitutional violations in three ways: *first*, that Defendants "have suppressed public comment by allowing only two minutes for public comment when the law allows public comment for 'up to three minutes' unless the number of speakers causes public comment to exceed thirty minutes." FAC ¶ 46 (hereinafter, "Two Minute Comment Claim"); *see* Mot. at 5–6. *Second*, Defendants "have ceased to give the agenda item 'General Public Comment' an item number [*sic*] to avoid the board rule that agenda items will continue until completed. The motive is to fragment and disrupt public comment and lower its priority below all other agenda items." FAC ¶ 47 (hereinafter, "Agenda Item Number Claim"). *Third*, Plaintiff alleges that "[o]ver time, citizens who regularly attend the Supervisors meeting are removed and are never heard from

13

again. . . . [T]hey are deterred from further attendance at the meeting." FAC ¶ 50 (hereinafter, "Removal of Citizens Claim").

### 1. Two Minute Comment Claim

As part of Defendants' alleged intolerance of public comment, Plaintiff alleges that they have suppressed comment by allowing only two minutes and once did not allow for public comment at all. FAC ¶ 46. As a matter of law, the Two Minute Comment Claim cannot serve as a basis for Plaintiff's *Monell* claim because such limitation is a time, place, and manner ("TPM") restriction that is reasonable and viewpoint neutral. *White v. City of Norwalk*, 900 F.2d 1421, 1425–26 (9th Cir. 1990) (city council meetings are limited public forums; speech that is disruptive or impedes conduct of meeting may be prohibited through neutral restrictions); *Norse v. City of Santa Cruz*, 629 F.3d 966, 975 (9th Cir. 2010) (council can regulate not only time, place, and manner of speech in limited public forum, but also content of speech as long as the content-based regulations are viewpoint neutral and enforced that way); *see* Mot. at 6 & 12.

There are no facts alleged supporting the conclusion that restricting public comment to two minutes is unreasonable or targets particular viewpoints. Moreover, Cal. Gov. Code section 54954.3(b) provides that: "[t]he legislative body of a local agency may adopt reasonable regulations to ensure that the intent of subdivision (a) is carried out, including, but not limited to, regulations limiting the total amount of time allocated for public testimony on particular issues and for each individual speaker." In other words, time limitations may be imposed in order to ensure that the public can directly address the legislative body on items of public interest. Plaintiff is incorrect in stating that the law requires up to three minutes. The law permits the Board to impose a limitation, and it has chosen to permit "up to three minutes" for a particular member of the public and a total testimony of 30 minutes. Rules of Order, Board of Supervisors, City and County of San Francisco at Section 3.10 (effective February 15, 2011). Whether a two or three minute limitation is imposed, both are reasonable TPM restrictions and permissible under the Government Code. For these reasons, Plaintiff's *Monell* claim based on the Two Minute Comment Claim is **DISMISSED WITHOUT LEAVE TO AMEND**.

### 2. Agenda Item Number Claim

Taking as true the Plaintiff's allegations, as best the Court can decipher, Plaintiff is alleging in FAC ¶ 47 either that agenda item numbers are not given to matters for public comment or that the numbering system is somehow fixed such that certain items never come up for public comment. While Plaintiff's claim suffers from a lack of clarity, the Government Code provides, in part, that: "[e]very agenda for regular meetings shall provide an opportunity for members of the public to directly address the legislative body on any item of interest to the public, before or during the legislative body's consideration of the item, that is within the subject matter jurisdiction of the legislative body, provided that no action shall be taken on any item not appearing on the agenda unless the action is otherwise authorized by subdivision (b) of Section 54954.2." Cal. Gov. Code § 54954.3(a). In light of this and the fact that public meetings are limited public forums (*White v. City of Norwalk*, 900 F.2d at 1425–26; *Norse v. City of Santa Cruz*, 629 F.3d at 975), it is possible that Plaintiff's claim, with more factual allegations, could state a plausible claim for a violation of a constitutionally protected right. Because Plaintiff's claim, as written, does not sufficiently articulate a *Monell* claim, the Agenda Item Number Claim is **DISMISSED WITH LEAVE TO AMEND**. If Plaintiff seeks to amend this claim, he must provide facts—not merely conclusions or speculation—regarding the "official policy" or the "long-standing practice or custom" that allegedly violates the right to make public comment at Board meetings, or how "the person causing the violation has final *policymaking* authority." *Haines*, 2011 WL 6014459, at *4 (internal citations omitted) (emphasis supplied). He must also articulate how the policy regarding Agenda Item Numbers has caused injury in this action. These facts must be sufficiently stated such that the Court *may reasonably infer* that there is a plausible claim.

### 3. Removal of Citizens Claim

Plaintiff's Removal Claim vaguely alleges that "[o]ver time, citizens who regularly attend the Supervisors['] meeting are removed and never heard from again," and that they are deterred from further attending such meetings. FAC ¶ 50. Plaintiff provides no specific facts supporting these allegations, and as such, they are speculative and conclusory. *See* Mot. at 5–6. Moreover, Cal. Gov. Code section 54957.9 provides for removal of persons disrupting meetings, which is, in this Court's

view, a reasonable TPM restriction.  Specifically, when meetings are "willfully interrupted by a group or groups of persons so as to render the orderly conduct of such meeting unfeasible," the Board may order the removal of those interrupting the meeting and may further order that the room be cleared.  Cal. Gov. Code § 54957.9.  Plaintiff does not allege what the "policy" at issue was, nor how removal of the unnamed persons was improper nor how their supposed removal targeted particular viewpoints.  As written, these vague and speculative allegations cannot form the basis of a *Monell* claim and the Removal of Citizens Claim is **DISMISSED**.  However, the Court grants this dismissal **WITH LEAVE TO AMEND**.  If Plaintiff seeks to re-allege this claim, he must provide facts—not merely conclusions or speculation—regarding the "official policy" or the "long-standing practice or custom" that results in deterring citizens from attending Board meetings, or how "the person causing the violation has final *policymaking* authority."  *Haines*, 2011 WL 6014459, at *4 (internal citations omitted) (emphasis supplied).  Because he alleges other citizens have been harmed by the alleged policy, Plaintiff must identify those citizens, the circumstances under which they were removed, and their resulting harms.  These facts must be sufficiently stated such that the Court *may reasonably infer* that there is a plausible claim stated.

### G. The Court Dismisses Plaintiff's Claim for Racial Discrimination (Fifth Claim).

In his claim for racial discrimination, Plaintiff seems to impute the "harassment, threats of violence and intimidation" of the African-American attendees (which were motivated by race and age) to Defendants because their actions "amounted to the exercise of defendants' police power to further the objectives and animus of those who had violated the rights of plaintiff."  FAC ¶ 60.  He alleges that *regardless of* whether Defendants had motive, "their actions were in furtherance and aided and abetted that discrimination."  *Id.* ¶ 61.  Finally, he alleges that Defendants were motivated by the "implementation and institutionalization of that racial animus in furtherance of their own racial policies and practices.  The actions and policies of the defendants are effectively a policy to discriminate against plaintiff and to block his enjoyment of rights and privileges under the U.S. Constitution."  *Id.* ¶ 62.

Defendants seek dismissal of this claim based on a lack of discriminatory intent.  Mot. at 8–9 ("Plaintiff has presented absolutely no evidence that Defendants were motivated by race-based

16

animus."). The Court agrees that the FAC is devoid of any factual allegations showing such intent or animus. Plaintiff has bootstrapped this discrimination claim to his First Amendment claims (*see* Opp. at 12), providing nothing other than the conclusion that Defendants—as opposed to meeting attendees—discriminated based on race. Further, at the hearing on this Motion, the Court specifically asked Plaintiff what additional *facts* he could provide regarding discriminatory intent, and Plaintiff stated merely that it is plausible that Defendants were motivated to complete the harassment that he was subjected to by the *other* meeting attendees. This is conclusory and insufficient as a matter of law, and Plaintiff has, by his statements at the hearing, conceded that leave to amend will be futile. Accordingly, this claim is **DISMISSED WITHOUT LEAVE TO AMEND**.

**H.    The Court Dismisses Plaintiff's Claim for Defamation and Slander (Ninth Claim).**

The tort of defamation "involves (a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage." *Taus v. Loftus*, 40 Cal. 4th 683, 720 (2007) (internal citations omitted); *see* Cal. Civ. Code §§ 45–46. For there to be a publication, there must be some communication—whether oral or written. Cal. Civ. Code §§ 45–46.

The FAC alleges that "[t]he effect of the actions of the defendants . . . was to create the slanderous innuendo that the plaintiff had been disruptive at the meeting and that it was part of his character to be both disruptive and to act illegal and outside the bounds of propriety. The defendants sought to disseminate this slanderous innuendo to a wide distribution of people in the community in which the plaintiff and they live." FAC ¶ 80. He further alleges that "[t]his slanderous innuendo was an attempt to impugn the plaintiff's character and reputation and to hold him up to the general opprobrium and censure in the community." *Id.* ¶ 81.

These allegations fail to establish a claim for defamation (specifically, slander) because there is no allegation of an actual *publication* or *oral communication* by Defendants. Plaintiff has alleged that it was the "effect of the[ir] actions" (or "innuendo") that "defamed" him—not that they made a statement to a third party. Put differently, Plaintiff argued at the hearing that he claims Defendants' actions "labeled" him disruptive. However, more than a label or innuendo is needed as a matter of

17

law and the claim is therefore insufficient.[7] Indeed, Plaintiff has cited no authority for the proposition that this alone can support his claim. Accordingly, this claim is **DISMISSED** but the Court will allow **LEAVE TO AMEND**. If Plaintiff re-alleges this claim, he must specify an *actual statement* that was made by Defendants, how the statement was false, how it defamed him, how it was unprivileged, and how it naturally tended to injure him or cause special damage. *See Taus*, 40 Cal. 4th at 720.

### I. The Court Dismisses David Chiu as a Defendant in this Action.

Defendants contend that Defendant Chiu should be dismissed from this action because the allegations against him are pure speculation. Mot. at 16–17. They further contend that to the extent that his actions were performed in his official capacity, he must be dismissed because the claims against him are duplicative of the claims against the City. Mot. at 18. The Court notes that the FAC does not appear to have allegations relating to Chiu's conduct in a personal capacity. To the contrary, the primary basis for naming him as a defendant is simply that he "is responsible to chair the meeting" of the Board. FAC ¶ 8; *see* Mot. at 18.

As discussed above, the only claims proceeding in this action are for false arrest/false imprisonment, battery, the Fourth Amendment claims based on his false arrest, the *Monell* claim (with leave to amend), and defamation (with leave to amend). Defendant Chiu is not alleged to have played a role in Plaintiff's arrest and, as such, cannot be personally liable for the arrest or any Fourth Amendment violation. Moreover, to the extent that Plaintiff relies on conduct by Chiu specifically as part of his *Monell* claim, such conduct will have been performed in his official capacity. He is therefore an unnecessary party in this action. *Haines*, 2011 WL 6014459, at *3 ("[a]s for any official-capacity liability, Defendants are correct that [individual defendants] are unnecessary parties and, in the absence of allegations directed at them specifically in their personal capacities, the only claim against them would be for prospective relief. However, the proper defendant for purposes of injunctive relief in a § 1983 action is the City itself."); *see also Fontana v. Alpine County*, 750 F. Supp. 2d 1148, 1154 (E.D. Cal. 2010) ("when both an officer and the local government entity are named in a lawsuit and the officer is named in official capacity only, the officer is a redundant defendant and may be dismissed") (internal citation omitted). Accordingly, Defendant David Chiu is

---

[7] Without alleging that they made an actual statement to someone, Plaintiff likewise fails to meet the additional element regarding the *false* nature of the statements.

**DISMISSED** from this action. Plaintiff is granted **LEAVE TO AMEND** to re-add Mr. Chiu as a defendant *only* to the extent that: (1) he can allege a claim against Mr. Chiu based on a claim that has not been dismissed or for which Plaintiff has leave to amend (as stated herein); and (2) he sufficiently alleges Mr. Chiu's actions were performed in his *personal* (not official) capacity.

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Dismiss. More specifically, the Court rules as follows:

1. The Motion to Dismiss the first claim for false arrest and false imprisonment is **DENIED**.
2. The Motion to Dismiss the second claim for battery is **DENIED**.
3. The Motion to Dismiss the third claim for violation of the First Amendment is **GRANTED WITHOUT LEAVE TO AMEND** to the extent that Plaintiff claims retaliation. The Motion is **GRANTED WITHOUT LEAVE TO AMEND** to the extent that Plaintiff's *Monell* claim is based on the Two Minute Comment Claim (as defined herein). The Motion is **GRANTED WITH LEAVE TO AMEND** to the extent that Plaintiff's *Monell* claim is based on Agenda Item Number and Removal Claims (as defined herein).
4. The Motion to Dismiss the fourth claim for unequal treatment in violation of the Fourth and Fourteenth Amendments is **DENIED** to the extent it is based on the Fourth Amendment. The Motion is **GRANTED WITHOUT LEAVE TO AMEND** this claim to the extent it is based on the Fourteenth Amendment.
5. The Motion to Dismiss the fifth claim for racial discrimination is **GRANTED WITHOUT LEAVE TO AMEND**.
6. The Motion to Dismiss the sixth claim for interference with the First Amendment is **GRANTED WITHOUT LEAVE TO AMEND** to the extent that Plaintiff claims retaliation. The Motion is **GRANTED WITHOUT LEAVE TO AMEND** to the extent that Plaintiff's *Monell* claim is based on the Two Minute Comment Claim (as defined herein). The Motion is **GRANTED WITH LEAVE TO AMEND** to the extent that Plaintiff's *Monell* claim is based on Agenda Item Number and Removal Claims (as defined herein).

7. The Motion to Dismiss the seventh claim for interference with the Fourth Amendment is **DENIED**.
8. The Motion to Dismiss the eighth claim for interference with the Fourteenth Amendment is **GRANTED WITHOUT LEAVE TO AMEND**.
9. The Motion to Dismiss the ninth claim for defamation and slander is **GRANTED WITH LEAVE TO AMEND**.
10. The Motion to Dismiss David Chiu from this action is **GRANTED**. Leave to amend is limited to the scope set forth in this Order.

Plaintiff may amend the FAC *only to the extent provided in this Order*. Plaintiff may not attempt to revive any claim dismissed herein. Moreover, he may not add any new claims to the Second Amended Complaint ("SAC"). Plaintiff's SAC shall be filed by within twenty-one (21) days of this Order. Defendants' response shall be filed within twenty-one (21) days of receipt of the SAC.

This Order terminates Dkt. No. 25.

**IT IS SO ORDERED.**

Dated: April 2, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**