UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CHAFFEE,<br><br>    Plaintiff,<br><br>    vs.<br><br>DAVID CHIU, et al.,<br><br>    Defendants. | Case No.: 4:11-CV-05118-YGR<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND; AND DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT** |

Pending before the Court is Plaintiff James Chaffee's Motion for Leave to Amend Complaint. (Dkt. No. 53 ("Motion").) Plaintiff has filed a [Proposed] Third Amended Complaint for Damages ("P-3rd AC") as part of his Motion. (Dkt. No. 53-1.) This Court previously issued an Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint (Dkt. No. 32), which related to Plaintiff's then-first amended Complaint. While that Order dismissed certain claims without leave to amend, the Court permitted Plaintiff to file a motion for leave to amend other claims and cited legal authority for why he should be permitted to amend the claims he sought to add. (Dkt. No. 42.) Having read and considered the papers submitted by the parties and the pleadings in this action, the Court hereby **GRANTS IN PART AND DENIES IN PART** this Motion for Leave to Amend.[1]

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion, which has been noticed for hearing on September 25, 2012, is appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for September 25, 2012.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's action centers on his arrest and removal from a San Francisco Board of Supervisors meeting on September 13, 2011. (Dkt. No. 21 ("1st AC") ¶¶ 14, 18–21.) On September 19, 2011, Plaintiff filed this action in the Superior Court of California against David Chiu, President of the Board of Supervisors ("Chiu"); City and County of San Francisco; Board of Supervisors ("Board"); and San Francisco Sheriff's Department (collectively, "Defendants"). (Dkt. No. 1.) The action was removed to federal court on October 19, 2011. (*Id.*) The operative complaint upon removal alleged claims of false arrest, false imprisonment, violation of civil rights, and retaliation for exercise of First Amendment rights. (*Id.*) Defendants moved to dismiss. (Dkt. Nos. 4 & 19.) The Court granted in part that motion to dismiss. (Dkt. No. 18 ("First Order").) Having interpreted Plaintiff's claim for "violation of" or "interference with" civil rights as a claim for violation of the Equal Protection Clause under 42 U.S.C. section 1983, the Court granted the motion to dismiss with leave to amend that claim, as well as the claim for retaliation for exercising First Amendment rights. (First Order at 3–6 & n.7.) The state law claims for false arrest and false imprisonment were not addressed because the federal claims provided the basis for the Court's jurisdiction. (*Id.* at 3 & 6 n.13.)

Plaintiff filed his first amended Complaint ("1st AC") on December 29, 2011, alleging a number of new claims. (Dkt. No. 21.) Specifically, Plaintiff alleged false arrest and false imprisonment, battery, violation of the First Amendment right of free speech, unequal treatment in violation of the Fourth and Fourteenth Amendments, race discrimination under 42 U.S.C. section 1981, interference with the First Amendment under 42 U.S.C. section 1983, unlawful seizure under the Fourth Amendment, equal protection and due process violations under the Fourteenth Amendment, and defamation and slander. On January 19, 2012, Defendants filed a Motion to Dismiss Amended Complaint. (Dkt. No. 25.)

On April 2, 2012, the Court issued its Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint ("Second Order"). In the Second Order, the Court denied the motion to dismiss the first claim for false arrest and false imprisonment, the second claim for battery, the fourth claim for violation of the Fourth Amendment, and the seventh

claim for interference with the Fourth Amendment. To the extent that the fourth claim alleged a violation of the Fourteenth Amendment, the Court dismissed that claim without leave to amend. The Court also dismissed without leave to amend Plaintiff's third and sixth claims to the extent they were based on retaliation in violation of the First Amendment, his third and sixth claims to the extent they were based on a First Amendment violation relating to two-minute restrictions on public comment at Board meetings, his fifth claim for racial discrimination, and his eighth claim for interference with the Fourteenth Amendment. The Court dismissed with leave to amend Plaintiff's third and sixth First Amendment claims to the extent they were based on the removal of citizens from Board meetings, his third and six claims to the extent that they were based on the Board failing to provide an agenda item number to matters for public comment at Board meetings, his ninth claim for defamation and slander, and David Chiu as a defendant in this action.

Prior to when the amended complaint was due, Plaintiff filed a petition for writ of mandamus requesting that the Ninth Circuit grant him additional leave to amend the complaint. (*See* Dkt. No. 34.) The Ninth Circuit denied the writ on July 10, 2012. (Dkt. No. 48.) On July 23, 2012, Plaintiff filed his Second Amended Complaint ("2nd AC") in accordance with the Court's instructions in the Second Order. (Dkt. No. 49.)[2] On August 6, 2012, Plaintiff then filed the instant motion based on the Court permitting him leave to file amended complaint. (Dkt. No. 42.) Because the Second Amended Complaint was then operative, Plaintiff filed a Proposed Third Amended Complaint.

In his P-3rd AC, Plaintiff seeks to amend his third claim for violation of the First Amendment with facts regarding the removal of citizens from Board meetings (P-3rd AC ¶¶ 46, 47, 49–51 & 57) but added additional facts and incorporated claims from the 1st AC that were removed from the 2nd AC. Specifically, Plaintiff added additional facts pertaining to: (1) Plaintiff's long history of submitting letters to the Clerk of the Board, publishing newsletters, and speaking before

---

[2] In the 2nd AC, Plaintiff amended his third claim for violation of the First Amendment with facts regarding the removal of citizens from Board meetings (2nd AC ¶¶ 46–50, 57) and removed from his complaint: (1) his third claim for violation of the First Amendment to the extent the claim was based on retaliation and the two minute restriction on public comments (1st AC ¶¶ 46, 48–49, 51–53); (2) his fourth claim alleging unequal treatment under the Fourteenth Amendment; (3) his fifth claim alleging racial discrimination (1st AC ¶¶ 60–62); and (4) his eighth claim for interference with the Fourteenth Amendment. (1st AC ¶¶ 75–79.)

3

the Board of Supervisors (P-3rd AC ¶¶ 54–56); (2) the San Francisco Administrative Code, as related to his third claim for violation of the First Amendment to the extent the claim was based on the two-minute restriction on public comments (P-3rd AC ¶ 48); (3) Defendants' negligence and contempt in failing to train their officers and sheriffs to protect civil rights in interference the Fourth Amendment (P-3rd AC ¶ 76); and (4) Defendants' statements regarding Plaintiff's disruption and consequent removal from the meeting being broadcast on San Francisco Government Television. (P-3rd AC ¶ 81.) Plaintiff re-alleged his racial discrimination claim with no changes from the 1st AC.

On August 20, 2012, Defendants filed an Opposition to Plaintiff's Motion for Leave to Amend. (Dkt. No. 57 ("Opposition").) In their Opposition, Defendants' primarily argued that Plaintiff's motion should be denied as an improper and "poorly-disguised motion for reconsideration" and that Plaintiff's proposed amendments are futile given this Court's previous orders regarding Plaintiff's claims. (*See id.*) On August 27, 2012, Plaintiff filed his Reply Brief in Support of Motion for Leave to Amend, in which he rebutted Defendants' procedural arguments and reasserted his right for leave to amend. (Dkt. No. 64 ("Reply").)

**II. DISCUSSION**

**A. Legal Standard on Motion for Leave to Amend**

Grant or denial of leave to amend rests in the sound discretion of the court. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996). Leave to amend should be allowed freely "unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986). *See Carrico v. City & County of San Francisco*, 656 F.3d 1002 (9th Cir. 2011) (holding that leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal). A proposed amendment is futile only if no set of facts can be proven under the amendment to the pleadings that would constitute a valid and sufficient claim or defense. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (proper test in determining legal sufficiency of a proposed amendment is identical to that used under Rule 12(b)(6)).

1      Under Rule 12(b)(6), "[f]actual allegations must be enough to raise a right to relief above
2  the speculative level" such that the claim "is plausible on its face." *Bell Atlantic Corp. v. Twombly*,
3  550 U.S. 544, 555 & 570, 127 S. Ct. 1955 (2007); *Justo v. Charter Capital Corp.*, No. 11-cv-00670
4  EJD, 2012 WL 359738, at *3 (N.D. Cal. Feb. 2, 2012); *see Calhoun v. VA MC San Diego*, No. 08-
5  cv-2064 JM, 2009 WL 1227891, at *1 (S.D. Cal. May 5, 2009) (although leave to amend should be
6  granted liberally to *pro se* plaintiffs, "courts should dismiss a complaint for failure to state a claim
7  when the factual allegations are insufficient 'to raise a right to relief above the speculative level'")
8  (quoting *Twombly*).  In considering the sufficiency of a claim, the court must accept as true all of
9  the factual allegations in the complaint, but it "is not required to accept as true legal conclusions
10 cast in the form of factual allegations." *Justo*, 2012 WL 359738, at *3 ("[r]ecitals of the elements
11 of a cause of action and conclusory allegations are insufficient") (citing *Ashcroft v. Iqbal*, 556 U.S.
12 662 (2009)).

13     **B.     Plaintiff's First, Second, Fourth, and Seventh Claims**

14     In the Second Order, the Court denied Defendant's Motion to Dismiss Amended Complaint
15 as to Plaintiff's claims for false arrest and imprisonment (first claim), battery (second claim),
16 unequal treatment in violation of the Fourth Amendment (fourth claim), and interference with the
17 Fourth Amendment (seventh claim).  Because the Court previously found these claims were legally
18 sufficient, those claims are not at issue in this Motion for Leave to Amend.

19     **C.     Plaintiff's Third Claim for Violation of First Amendment**

20     In the Second Order, this Court gave Plaintiff leave to amend his third claim with regard to
21 the agenda item number issue and removal issue, but denied leave to amend as to Plaintiff's
22 retaliation and two-minute restriction issues.

23     As to the removal issue, Plaintiff has alleged new facts in his P-3rd AC such that he may
24 state a plausible claim against the Board based on an alleged practice or custom that results in
25 deterring citizens from attending Board meetings.  In particular, Plaintiff alleged that a deputy
26 sheriff once prevented him from entering the chamber (and made a verbal comment indicating that
27 the Board meeting was specifically closed to him), that Plaintiff once saw a member of the public
28 slammed to the floor for attempting to speak to a supervisor, and that a number of individuals had

been removed from the chamber and were warned of "escalating repercussions" if they tried to return. (P-3rd AC ¶¶ 46, 50 & 51.) Taking these new allegations as true and drawing inferences in favor of Plaintiff, Plaintiff has stated a plausible claim based on the removal of citizens from Board meetings, including his own removal on other occasions.

Regarding the issue of retaliation, Plaintiff has raised additional facts, which—taking those allegations as true—may state a plausible claim. In the P-3rd AC, Plaintiff provided additional facts regarding his long history of submitting letters to the Clerk of the Board, publishing newsletters, and speaking before the Board of Supervisors. (P-3rd AC ¶ 54.) Plaintiff also alleged that his comments exposed Defendants' diversion of public resources to private interests, which may give rise to retaliation by the Defendants. (P-3rd AC ¶ 55.) Plaintiff contends that a reasonable inference of retaliation may be drawn based on his history of involvement and his criticisms of the Board, to the extent that he was singled out and removed from the September 2011 meeting. (Motion at 6–7.) The Court agrees that from these additional facts, a plausible claim for retaliation has been stated.

As to Plaintiff's two-minute restriction claim, the Court believes that Plaintiff's claim still does not state plausible claim based on the First Amendment. However, the Court also believes that Plaintiff *may* be able to state a claim with additional facts. The same is true of Plaintiff's agenda item claim, which Plaintiff did not appear to amend at all between the 1st AC and P-3rd AC. Plaintiff has this last opportunity to amend his claim based on the two-minute restriction and agenda items by providing *factual allegations* explaining how the alleged conduct is a violation of a constitutionally-protected right and the policy or practice that results in these violations. The Court does not find persuasive Plaintiff's reference to the San Francisco Administrative Code, which is not substantively different from the Government Code sections referenced in the Second Order.

For the foregoing reasons, Plaintiff's Motion for Leave to Amend his third claim for violation of the First Amendment is **GRANTED.**

### D. Plaintiff's Fifth Claim for Racial Discrimination

In his Motion, Plaintiff contends that because "defendants did not have grounds to effect a lawful arrest they were either motived by retaliation for [Plaintiff's] First Amendment activities, or

6

they responded to hearsay comments from the disruptive individuals and were maliciously implementing that same racial animus." (Motion at 12.) Plaintiff's primary authority in support of leave to amend is *Evans v. McKay*, 869 F.2d 1341, 1345 (9th Cir. 1989), where the Ninth Circuit noted that overt acts coupled with racial remarks are sufficient to state a claim for race discrimination. *Evans* is consistent with the Court's prior dismissal of the race discrimination claim without leave to amend. In *Evans*, the plaintiff raised overt acts and racial slurs by the defendants themselves. Here, Plaintiff has not alleged any tangible indicia of intentional discrimination on account of race *by Defendants*. *Id.* at 1344 ("plaintiffs must show intentional discrimination on account of race"). Just as with his 1st AC, Plaintiff's P-3rd AC's race discrimination claim is "devoid of any factual allegations showing such intent or animus." (Second Order at 17.) Because Plaintiff raised no new facts in the race discrimination section of his P-3rd AC, Plaintiff's Motion for Leave to Amend this cause of action is **DENIED.**

### E.   Plaintiff's Sixth Claim for Interference with First Amendment

Plaintiff's sixth claim for interference with the First Amendment, 42 U.S.C. section 1983, appears to be substantively identical to the third claim for violation of the First Amendment right to free speech. Indeed, there are no facts alleged with respect to the sixth claim. Plaintiff's Motion for Leave to Amend this claim is **DENIED** because the claim is duplicative. Plaintiff is instructed to combine his First Amendment claims into one claim in his amended complaint.

### F.   Plaintiff's Eighth Claim for Defamation and Slander

As stated in the Court's Second Order, the tort of defamation "involves (a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage." *Taus v. Loftus*, 40 Cal. 4th 683, 720 (2007) (internal citations omitted); *see* Cal. Civ. Code §§ 45–46. For there to be a publication, there must be some communication—whether oral or written. Cal. Civ. Code §§ 45–46. The Court previously provided explicit instructions to Plaintiff if he sought to amend this claim: "[i]f Plaintiff re-alleges this claim, he must specify an *actual statement* that was made by Defendants, how the statement was false, how it defamed him, how it was unprivileged, and how it naturally tended to injure him or cause special damage." (Second Order at 18.)

In the P-3rd AC, Plaintiff amended his defamation claim and added the following allegation: "The accusations of disruption and statements that the supervisors were seeking to remove him were uttered in full view and hearing of the audience in attendance and were broadcast on San Francisco Government Television (SFGTV)." (P-3rd AC ¶ 81.) This amendment suggests statements were made but does not cure Plaintiff's defective claim. Plaintiff must specify the actual statement made by Defendants. Without a statement, Plaintiff likewise has not explained how that statement was false or any other required element for defamation. *See Taus*, 40 Cal. 4th at 720.

In the Second Order, the Court gave Plaintiff leave to amend on this claim. While Plaintiff's proposed claim is still insufficient, he has provided at least one additional factual allegation. In the Court's view, Plaintiff's deficient claim could still be cured. To do so, Plaintiff must allege exactly what was said and how it was false. Accordingly, Plaintiff is **GRANTED** further leave to amend this claim, in addition to the allegations in the P-3rd AC.

### G. David Chiu as a Defendant

In the Second Order, this Court granted Plaintiff leave to amend to re-add Chiu as a defendant only to the extent that: (1) Plaintiff can allege a claim against him based on a claim that was not dismissed or for which Plaintiff had leave to amend; and (2) Plaintiff sufficiently alleges Chiu's actions were performed in his personal (not official) capacity. (Dkt. No. 32.) Plaintiff contends in his Motion and P-3rd AC that "[i]f the municipality is not liable for the deprivation of civil rights under the *Monell* doctrine, then David Chiu must be individually liable because it is outside of his qualified immunity." (Motion at 7–8.) Plaintiff also alleges that Chiu "acted to suppress free speech and the right to petition the government in all circumstances" by "suppress[ing] public comment by allowing only two minutes for public comment" and "ceas[ing] to give the agenda item 'General Public Comment' an item number." (P-3rd AC ¶¶ 44, 48 & 52.) Further, in his P-3rd AC, Plaintiff alleges that "[a]t all times material to this Complaint, these defendants," which presumably includes Chiu, "acted toward plaintiff under color of the statutes, ordinances, customs and usage of the State of California." (P-3rd AC ¶ 9.)

To establish personal liability of a local official in a section 1983 action, "it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under color of state law.") In light of the allegations above, Plaintiff's Motion is **GRANTED** as to this amendment in this form.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion For Leave to Amend is **GRANTED IN PART AND DENIED IN PART**. To minimize confusion, Plaintiff shall caption his amended complaint as the "Fourth Amended Complaint" and may amend that complaint as follows:

1. Plaintiff's claims for false arrest and imprisonment (first claim), battery (second claim), unequal treatment in violation of the Fourth Amendment (fourth claim), and interference with the Fourth Amendment (seventh claim) were previously held to be sufficient in the 1st AC. As such, Plaintiff's Fourth Amended Complaint may allege these claims.

2. Plaintiff's Motion for Leave to Amend the third claim for violation of the First Amendment is **GRANTED**. This leave is granted as to the entirety of the First Amendment claim, including allegations relating to retaliation, two-minute restriction, agenda items, and removal.

3. The Motion for Leave to Amend the fifth claim for racial discrimination is **DENIED**. The Fourth Amended Complaint may not allege this claim.

4. The Motion for Leave to Amend the sixth claim for interference with the First Amendment is **DENIED** to the extent that it is duplicative of Plaintiff's third claim. Plaintiff shall allege only one First Amendment claim in the Fourth Amended Complaint.

5. Plaintiff is **GRANTED** further leave to amend his eighth claim for defamation and slander.

6. The Motion for Leave to Amend to add David Chiu as a defendant in his individual capacity is **GRANTED**. David Chiu may be named as an individual defendant in the Fourth Amended Complaint.

Because Plaintiff will file a Fourth Amended Complaint, the pending Motion to Dismiss the Second Amended Complaint is **DENIED AS MOOT**. The Court terminates Dkt. No. 55 and vacates the hearing on that motion scheduled for September 25, 2012.

Plaintiff's Fourth Amended Compliant shall be filed within fourteen (14) days of the date of this Order. Defendants shall file their response within fourteen (14) days thereafter. This Order terminates Dkt. No. 53.

**IT IS SO ORDERED**.

Dated: September 20, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**